Filed 9/16/25  P. v. Ramonsantiago CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

<table>
<tr><td>

THE PEOPLE,

    Plaintiff and Respondent,

v.

FLORENTINO MARCELINO RAMONSANTIAGO,

    Defendant and Appellant.

</td><td>

2d Crim. No. B334530
(Super. Ct. No. 22F-03040)
(San Luis Obispo County)

</td></tr>
</table>

Appellant Florentino Marcelino Ramonsantiago was convicted by jury of forcible rape of a child over 14 years old. (Pen. Code, § 261, subd. (a)(2).)[1]  The jury also found true an allegation appellant personally inflicted great bodily injury during the commission of the rape.  (§ 12022.7.)  He challenges the great bodily injury enhancement, claiming defense counsel

---

[1] Further undesignated statutory references are to the Penal Code.

was constitutionally ineffective for failing to object when the prosecutor argued in closing that pregnancy resulting from rape constitutes great bodily injury. We disagree and will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

When Angelica Doe was 17 years old appellant entered her bedroom while she was sleeping and raped her. The rape resulted in pregnancy.

Doe's body changed substantially during her pregnancy. She hardly ate, threw up a lot, was nauseous a lot, and once felt she might faint. She did not have pain or discomfort, but her family did not want her to work while she was pregnant.

Doe delivered a baby boy after approximately 11 hours of labor. Labor was painful and she had an epidural but she did not need stitches. DNA testing confirmed appellant is the biological father of Doe's baby.

A jury found appellant guilty of forcible rape of a child over 14 years old (§ 261, subd. (a)(2)) and found he personally inflicted great bodily injury on the victim in the commission of the rape. (§ 12022.7.) He was sentenced to 25 years to life in prison.

DISCUSSION

Appellant contends the great bodily injury enhancement should be reversed because defense counsel was constitutionally ineffective for failing to object to prosecutor misconduct during closing argument. One who claims they were deprived of their constitutional right to effective assistance of counsel presents "'a mixed question of fact and law'" requiring de novo review. (*People v. Ogunmowo* (2018) 23 Cal.App.5th 67, 76.) We defer to the trial court's factual determinations supported by sufficient evidence but independently determine whether the facts

2

demonstrate defense counsel's performance was so deficient as to prejudice defendant. (*Ibid*.)

Establishing a claim of ineffective assistance of counsel requires appellant to demonstrate counsel's performance was deficient and he suffered prejudice as a result. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674]; *People v. Mickel* (2016) 2 Cal.5th 181, 198.) To demonstrate deficient performance appellant must show counsel's performance fell below an objective standard of reasonableness. (*Mickel*, at p. 198.) To demonstrate prejudice, appellant must show a reasonable probability that but for counsel's deficient performance the outcome of trial would have been different. (*Ibid*.) His ineffective assistance claim fails upon a defective showing of either component. (*People v. Holt* (1997) 15 Cal.4th 619, 703.)

Appellant asserts the prosecutor engaged in misconduct because she misstated the law in closing argument by telling the jury that "pregnancy, in and [of] itself, is a great bodily injury." On this basis appellant claims there could be no rational tactical reason for defense counsel's failure to object and so the great bodily injury enhancement must be reversed.

"'Great bodily injury' means a significant or substantial physical injury." (§ 12022.7, subd. (f)(1); *People v. Cross* (2008) 45 Cal.4th 58, 63 (*Cross*).) "[D]etermining whether a victim has suffered physical harm amounting to great bodily injury is . . . a factual inquiry to be resolved by the jury." (*Id*. at p. 64.) The California Supreme Court has "very clearly concluded that impregnation alone may be sufficient to support a finding of great bodily injury." (*People v. Woods* (2015) 241 Cal.App.4th 461, 487 (*Woods*).)

3

Contrary to appellant's claim, the prosecutor did not argue pregnancy "in and [of] itself" is great bodily injury. Rather, the prosecutor argued great bodily injury "may be," and "can be," established by evidence of pregnancy. This is a correct statement of law. (*Woods*, *supra*, 241 Cal.App.4th at p. 488 ["[A] pregnancy can provide the basis for a great bodily injury finding"].)

Appellant is mistaken that "[p]regnancy in and of itself does not constitute great bodily injury." It is well-settled that pregnancy resulting from rape can constitute great bodily injury if the jury so determines. (*Cross*, *supra*, 45 Cal.4th at p. 66.) Here, the prosecutor reiterated it was the jury's province to "decide whether the People have proven the additional allegation that the defendant personally inflicted great bodily injury," defined as significant or substantial physical injury, on Doe. The prosecutor explained, "[g]reat bodily injury may be established by pregnancy. That is the law. It can be established by pregnancy," and "[a]gain, great bodily injury may be established by a pregnancy." The prosecutor discussed trial evidence of physical changes and symptoms Doe endured while pregnant, her labor and delivery, and urged the jury to "look at everything that happened" to Doe's body.

On this record we cannot conclude appellant has carried his burden of showing defense counsel performed deficiently. Appellant concedes the prosecutor's comments closely tracked the language of the court's instructions and he does not make an instructional error claim. Defense counsel's "[r]epresentation does not become deficient for failing to make meritless objections." (*People v. Ochoa* (1998) 19 Cal.4th 353, 463.) Where "[t]here was no misconduct and no basis on which to object" we

4

reject appellant's claim of ineffective assistance of counsel.
(*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 120.)

DISPOSITION

Judgment is affirmed.

NOT TO BE PUBLISHED.


CODY, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Timothy S. Covello, Judge
Superior Court County of San Luis Obispo

_____

Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Xiomara Costello, and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.